UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ESTEBAN PARA,

                       Plaintiffs,

                  -against-

THE CITY OF NEW YORK, P.O. THOMAS
GALLAGHER, SGT. ROBERT CHANG,
and LT. OLAECHEA,

                       Defendants.
----------------------------------------------------------------x

**FIRST AMENDED
COMPLAINT**

Jury Demand

15 CV 1004 (VSB)

Plaintiff ESTEBAN PARA (hereinafter "Plaintiff") by and through his attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees.

## JURISDICTION

2.     The action is brought pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1988, and the Fourth, Sixth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3.     Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff is a 34 year old Hispanic male and resident of New York, New York.

7.     Defendant City of New York (hereinafter "City") is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendants Gallagher, Chang and Olaechea are individuals who worked at the 9th precinct at the time of the incident and participated in the arrest and seizure of plaintiff.   They are sued in their individual, supervisory and official capacities and because they acted under the color of state law.

9.     The defendant City is well aware of the problems described in this complaint because although they have barred the practices outlined in the complaint, the de facto policy of enforcing the practice continues to exist in one way, shape or form and their failure to train the officers constitute deliberate indifference.

## FACTS

10.    On March 9, 2013, around 8 p.m., plaintiff was on his way home in the East Village.

11.    As plaintiff walked through Tompkins Square Park, he saw a book bag on the ground.  Nobody was in the area except an individual who appeared to be homeless and sitting on a park bench.

12.    Plaintiff asked the homeless person if the bag belonged to him or if he knew who left the bag, when the homeless individual responded in the negative, plaintiff decided to pick up the bag and intended to bring it to the closest police precinct.

13.    As soon as the plaintiff picked up the bag, individual defendants including the "homeless individual" jumped on plaintiff, pointed their guns at him threatening to shoot him and arrested him.

14.    Plaintiff was arrested, brought to the 9th precinct, finger-printed, booked, processed and taken to central booking.  Plaintiff was falsely charged with Penal Law 155.25 (petit larceny which is an A misdemeanor and punishable by up to 1 year in jail) and Penal Law 165.40 (criminal possession of stolen property with intent to keep another A misdemeanor and punishable by up to 1 year in jail).

15.    On March 10, 2013, around 3 p.m., plaintiff was released after spending nearly 19 hours in jail.

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest-Unlawful Seizure under the 4th Amendment)

16.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

17.    There was no probable cause for the arrest, unlawful seizure or the continued incarceration of plaintiff.

18.    When the defendants pulled out their weapons and threatened to shoot plaintiff if he did not get on the ground, plaintiff was unlawfully seized.

19.    As such these Defendants' actions resulted in violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

20.    As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure were violated and he sustained physical and emotional injuries.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

21.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

22.    The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

23.    These actions by Defendants deprived the substantive and procedural due process afforded to the Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

24.    As a result of the foregoing, Plaintiff was deprived of his liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

4

## AS AND FOR A THIRD CAUSE OF ACTION
### (Malicious Prosecution)

25.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

26.     Defendants knew that by filing false charges against Plaintiff, he would very likely be held in custody, have to endure numerous court appearances, and the expense of hiring an attorney and despite such belief, the Defendants fabricated evidence that plaintiff was engaged in criminal activity.

27.     Due to Defendants' actions, Plaintiff was deprived of life and liberty interest.

28.     Defendants' actions constituted malicious prosecution because they knowingly filed false and unsubstantiated charges against Plaintiff, failed to drop them, or inform the District Attorney's office of the falsity of the charges and instead pursued the charges knowing full well that the charges were not only false but trumped up, and fabricated by the defendants.

29.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and he was subjected to violation of his state and federal rights.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (*Monell*/Municipal Liability)

30.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

31.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of

the respective municipality/authority, which is forbidden by the Constitution of the United States.

32.   Defendant City of New York, through its NYPD "Operation Lucky Bag" (hereinafter "Operation') policy, directly caused the Constitutional violations set forth herein.

33.   The City, through its police department, has had and still has, in some form, Operation that leads to the arrests of innocent people in violation of their constitutional rights.

34.   As part of Operation, the City, through its police department, trains its officers to stop individuals without reasonable suspicion and is indifferent to the consequences.

35.   The Operation began in 2006 and involved "abandoned" valuables left in various locations that were used as bait to arrest people.

36.   The charges against most of the individuals arrested in the original Operation have been dismissed and the program was stopped.

37.   The City, through its police department, continues to maintain a form of Operation.

38.   The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policy and has failed to train the individual defendants about the way they conduct these operations.

39.   In dismissing one of these criminal cases, Court has noted that the law allows 10 days for someone to turn in found property

40.     More than half of the individuals arrested under the Operation have never been arrested before.

41.     The Operation routinely results in the unlawful arrests of individuals, like plaintiff, who act as good Samaritans and attempt to turn abandoned property into the authorities.

42.     The District Attorney's Office has routinely informed the NYPD to cease and desists these tactics since 2006, however, the NYPD continues to engage in this practice.

43.     Most of the incidents involving Operation or some variation of it targets minorities.

44.     The foregoing Operation created by the City through the NYPD and its usages, practices, procedures and rules are unconstitutional and their failure to train the officers about the foregoing constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

## AS AND FOR AN FIFTH CAUSE OF ACTION
(Violation of Section 1981)

45.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46.     Defendants targeted Plaintiff and falsely accused him of crimes because of his race, ethnicity and color.

47.     Defendants intentionally discriminated against plaintiff and in so doing denied him the full and equal benefits and equal protection under the laws.

48.     As a result of these actions, Plaintiff suffered injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Conspiracy under Section 1985)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

50.     Defendants targeted innocent people like the plaintiff and conspired with each other to concoct similar schemes in furtherance of the conspiracy to generate arrests numbers, meet quotas and gain financially through overtime generated from these types of bogus arrests.

51.     In addition, defendants engaged in such conduct to appease the NYPD brass that they were doing something about crimes and making arrests (albeit false arrests) to obtain leverage during promotions and move up in the ranks within the NYPD.

52.     As a result plaintiff suffered injuries.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Denial of Right to Fair Trial)

53.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

54.     Defendants' actions and conduct denied plaintiff the right to a fair trial by creating false information that plaintiff had committed larceny and this false information would have likely to influence a jury and forwarding that information to the prosecutors.

55.     Defendants' actions of fabricating evidence and signing official documents were unconscionable and plaintiff is entitled to relief under the theory of denial to a fair trial.

56.     As a result of this, plaintiff was injured.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability)

57.     Plaintiffs repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     The Defendant supervisors had the supervisory duty to control their sub-ordinates.   Instead through their own actions and inaction, they failed to act as Gallagher's supervisors and instead tacitly authorized his actions by approving the arrest. plaintiff suffered injuries and therefore they are liable under supervisory liability.

59.     As a result of the supervisor's action and inaction, plaintiff suffered injuries.

## AS AND FOR A NINETH CAUSE OF ACTION
(Failure to Intervene)

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

62.     Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments rights of plaintiff.

63.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff demands judgment and pray for the following relief,

jointly and severally, against the Defendants:

(A) full and fair compensatory damages in an amount Fifty Thousand Dollars for each and every cause of action against Defendants (individually or collectively) or as determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       November 10, 2015

Vik Pawar, Esq.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By:
      Vik Pawar (VP9101)
      Robert Blossner (RB0526)
      *Attorneys for Plaintiff*